UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN M. KILGORE,

                         Petitioner,
    v.                                               9:24-CV-0512 (DNH)

D. GOODMAN, Superintendent,

                         Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

STEVEN M. KILGORE
Petitioner, pro se
21-B-1277
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

      Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex."). Petitioner also applied to proceed in forma pauperis ("IFP"). Dkt. No. 2, IFP Application.

      On April 15, 2024, the case was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 3, Administrative Order. Petitioner was given thirty (30) days

1

to either (1) pay the statutory filing fee or (2) submit a second, properly certified IFP application.  *Id.* at 2.[1, 2]

Petitioner timely remitted the filing fee, and the case was restored to the Court's active docket.  Dkt. No. 4, Letter; Dkt. Entry dated 05/07/24 (memorializing receipt information for filing fee transaction); Dkt. No. 5, Text Order (reopening case).  For the reasons that follow, petitioner is granted thirty days leave to file an amended petition which cures the deficiencies outlined in this decision.

## II. PETITION

Petitioner challenges two 2021 criminal convictions, one upon a jury verdict and the other from a guilty plea from Broome County, for third- and fourth-degree grand larceny.  Pet. at 17; *accord People v. Kilgore*, 218 A.D.3d 1054, 1054 (3rd Dep't 2023).[3]  The New York State Appellate Division, Third Department, heard direct appeals challenging both of petitioner's criminal convictions and affirmed both judgments.  *Kilgore*, 218 A.D. 3d at 1058.  On March 28, 2024, the New York State Court of Appeals ultimately denied petitioner's application for leave to appeal.  *People v. Kilgore*, 40 N.Y.3d 1081 (2023), *recon. denied by*, 41 N.Y.3d 965 (2024); *accord* Pet. at 18.[4]

---

[1] The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a); N.D.N.Y.L.R. 5.1.3; Rule 3, Rules Governing Section 2254 Cases in the United States District Courts.

[2] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] A copy of the Third Department's decision was included in the supporting exhibits.  Ex. at 23-27.

[4] A copy of the Court of Appeal's decision denying leave to appeal was included in the supporting exhibits.  Ex. at 55.

Petitioner's claims for entitlement to federal habeas relief are, at best, difficult to decipher. It appears that petitioner contends that his Due Process rights were violated by the trial court when it erred in denying petitioner's requested *Wade* and probable cause hearings.[5] Pet. at 1-4, 8-9, 11-12. Further, petitioner's rights were first violated when he was subjected to unconstitutional identification procedures and, as a result of his counsel's ineffectiveness, these procedures were not challenged in state court. *Id.* at 5-7, 10.

### III. DISCUSSION

"A single habeas petition cannot challenge multiple convictions." *Harris v. Suffolk County*, No. 2:13-CV-4243, 2013 WL 5202802, at *2 (E.D.N.Y. Sept. 13, 2013) (citing Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.")).

Here, even though the convictions occurred on the same day, petitioner has still listed two different criminal convictions in his petition. To the extent petitioner wishes to challenge both his grand larceny convictions, he would need to bring such challenges in two separate petitions.

Based on the foregoing, petitioner is directed to file an amended petition within thirty (30) days of the filing date of this Decision and Order that (1) specifies which of his larceny convictions he is challenging; (2) each ground petitioner wishes to raise in his habeas petition as it relates to that specific criminal conviction; and (3) if and how he has exhausted his state

---

[5] "The purpose of a *Wade* hearing is to determine before the trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification." *United States v. Gershman*, 31 F.4th 80, 92-93 (2d Cir. 2022), *cert. denied*, 143 S.Ct. 816 (2023) (citations omitted).

court remedies.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.

Further, the Clerk is directed to provide petitioner with a second blank § 2254 habeas petition in the event he would like to commence a second action to challenge his second criminal conviction.  Petitioner is reminded that he must complete every part of the blank petition and may not incorporate any portion of his original papers into his amended or second habeas action by reference.

IV. **CONCLUSION**

Therefore, it is

ORDERED that

1. Petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose;

2. **Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment, the date of the judgment, and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application**;

3. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If

petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so;

4. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition;

5. Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition;

6. If petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4;

7. Upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments;

8. The Clerk of the Court respectfully provide petitioner with a second black § 2254 habeas petition form in the event petitioner wishes to initiate a second federal habeas action which challenges his second state court criminal conviction;

9. Petitioner is reminded that he would need to properly commence the second action by either filing a properly certified application to proceed IFP or remit the statutory filing fee; and

10.  The Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.

Dated:  June 3, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge